IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
(Danville Division)

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 19 2021
JULIA C. DUDLEY, CLERK
BY: HMcDonaed
DEPUTY CLERK

ORION CAPITAL, LLC, )
203 Plantation Road )
Martinsville, VA 24112-0392 )
   A Virginia Limited Liability Company, )
   Plaintiff, )
V. )   Civil Case No. 4:21CV00015
 )
PROMIER PRODUCTS, INC., )
   An Illinois Corporations. )
   Registered Agent: Tim Turczyn )
   304 5th Street )
   Peru, IL 61354 )
   Defendants. )

**COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT
UNJUST ENRICHMENT AND QUANTUM MERUIT**

COMES NOW, Plaintiff Orion Capital, LLC ("Orion" or "Defendant"), by its undersigned counsel, and files the following Complaint for damages for breach of contract, unjust enrichment and quantum meruit against the Defendants Promier Products, Inc. ("Promier," or "the Defendant"). In support of this Complaint, your Plaintiff states as follows:

**Parties**

1. Plaintiff Orion Capital, LLC is a Virginia Limited Liability Company duly organized under the laws of the Commonwealth of Virginia, and during all relevant times herein, entered into all contractual relationships with the Defendants in the Commonwealth of Virginia, and performed all requirements of that contractual



THE STANLEY LAW GROUP

relationship within the Commonwealth of Virginia. The principal managing member of Orion is Richard Hall ("Hall").

2. Defendant Promier Products, Inc., during all times relevant herein, is an Illinois company duly organized under the laws of the State of Illinois. The corporate officer of Promier relevant to this matter is Cody Grandadam ("Grandadam").

### Jurisdiction and Venue

3. This Court has subject-matter jurisdiction over the parties pursuant to 28 USC §1332 (a) due to the complete diversity that exists between the parties, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

4. Jurisdiction and Venue in this Court is appropriate due to the fact that the contract between the parties was agreed to in the Commonwealth of Virginia, and primarily executed in the Commonwealth of Virginia. Venue is proper pursuant to 28 USC §1391(b)(2) because substantial contacts exist with both the Plaintiff and the majority of relevant witnesses being located in Virginia, all of the acts alleged herein occurred in Virginia, and the damages from the Defendant's breach of contract, unjust enrichment and quantum meruit occurred in Virginia.

### Facts and Nature of the Case

5. This matter for breach of contract, unjust enrichment and quantum meruit arises out of a joint venture contractual relationship between Orion and Promier for the sale of Personal Protection Equipment ("PPE") procured by Promier and sold by Orion to its clients. Promier has thereafter refused to pay Orion for its efforts under the parties' oral joint venture agreement.

6. In early April of 2020, a mutual contact of Mr. Hall and Mr. Grandadam, Christopher Dangler ("Dangler") contacted Grandadam and Promier to see if he could provide him with an introduction with a company that had clients who would be buyers for Promier in its selling of PPE. Dangler agreed to arrange a formal introduction of Grandadam to Hall and Orion. Dangler knew that Orion had clients and contacts that were state agencies, hospitals and other entities that Mr. Hall (and his associate Scott Weiland) had already established business relationships with. Dangler also knew that Orion was not a sales representative and did not offer its services as such; rather, Dangler understood and communicated to Promier and its representative Grandadam that Orion was a private equity company involved in entering into purchase and sale agreements for securing PPE for its clients.

7. After the initial introduction had been made by Dangler in April of 2020, both Orion and Promier had numerous lengthy conversations, wherein as a result of said communications, they fully agreed to enter into an oral contract for a joint venture for the sale of PPE (procured by Promier) to buyers secured by Orion. The parties further agreed that they would "split all orders;" that is, that if Promier could source the PPE orders, Orion Capital would bring the buyers to Promier and they would split the profit from the successful filling of those orders equally (50/50).

8. As evidence of this oral agreement, an email dated April 14, 2020 at 12:51 p.m. from Grandadam, Promier established contact with Mr. Hall to one of its employees of his company, Mr. Wollack (the COO Promier ), to have him provide to Hall a "one sheet sales deck" of PPE that they had source availability for, so that Mr. Hall and his associate could "use this sheet to [have Orion] communicate with different state

agencies."(Exhibit 1). In a follow up email that day at 2:09 p.m., Promier introduced Hall to Matt Pell, an associate of one of Grandadam's other affiliated companies, Accubow, regarding their use of Hall to sell PPE product to Hall's clients. Moreover, Promier, through its associate Matt Pell on April 14th sent a collection of documents that are further evidence that this joint venture business relationship existed with Orion, and this new joint venture agreement was acknowledged by all concerned. These documents included Promier's wiring instructions, product descriptions, federal W-9 and even their certificate of corporate entity recognition from the Secretary of State of Illinois. (Exhibit 2).

9. Thereafter, and in furtherance of and reliance upon the parties' joint venture agreement, Orion and its agents set about to register Promier with third-party PPE purchasers, which included state agencies, hospital systems and corporations throughout the United States. Additionally, Orion and its agents directly engaged with all third-party purchasers to determine each third-party's PPE requirements, to navigate their PPE Procurement process and provided each purchaser with specific PPE product information. Between April 9, 2020 to July 14, 2020, Orion registered Promier as a certified vendor with the following: Orlando Health; Duke University Hospital; North Carolina Department of Health and Human Services; University of North Carolina Health; University of North Carolina; Novant Health; University of North Carolina DOA; the State of North Carolina; Wake Forest University Health Systems; the State of Louisiana; the State of Connecticut; the State of Michigan; the State of New York; Our Lady of the Lakes Health; Atrium Health; the State of Texas; the State of California; the University of California Los Angeles (UCLA); the

University of Massachusetts Medical; University of Michigan Medical; the Virginia Commonwealth University; Penn State University; Johns Hopkins University and Hospital; Bon Secours Health Systems (Mercy Health); George Washington University; the Medical College of Virginia; the Commonwealth of Virginia; Prime Health Care Systems; the University of Miami; Northwestern University; the University of Tennessee; the University of Georgia; the State of Florida; Wal-Mart; the Oregon Nurses Association; Harvard Medical School; the State of Maine; Sunnyside Retirement Facilities; East Carolina University; the State of South Carolina; the federal Government Services Administration (GSA); Service Master; 100 Million Masks.org; ANA Sourcing; the United States Navy; the State of Massachusetts; Ohio State University; Palisades Strategies; the U.S. Department of Health and Human Services; Inova Health System; the Texas Department of Emergency Management; the State of Nebraska; UNISON Bid Services; the State of Nevada; INICOR Correctional Facilities; the State of Maryland; the State of Pennsylvania; the University of Michigan; the State of Iowa; the State of Utah; and the State of Ohio.

10. Additionally, Orion caused to register Promier as a registered provider of PPE for the State of Illinois on April 30, 2020, the home state of Promier, where Promier had not even registered themselves as a vendor of PPE for the state government.

11. In the first transaction of the joint venture between Promier and Orion, Orion had an established relationship with Duke University Hospital ("Duke"), that had an immediate need for surgical gloves and shoe covers. Neither Promier nor any of its agents had any previous business relationship with Duke.

12. As further evidence of the parties' agreement, and specifically related to the Duke contract, Promier, through its corporate officer Grandadam made the following statement in this email:

    "[Hall] is straight up, and I trust him and would vow[sic] for him. We have had many conversations over the past two weeks....They need shoe covers for Duke. Can you reach out to Richard and get him what he needs......**Our deal with Richard, we are splitting any orders....So, if we sell to Duke for $1.50 and our cost is $1.00 his group gets $0.25 and our group gets $.25..Just being transparent.**" (Emphasis added). (Exhibit 3).

13. In reliance upon this agreement between Promier and Orion, Orion consummated an agreement with Duke on April 15, 2020 (hereinafter referred to as "The Duke Contract"), to provide Duke initially with "shoe covers," "nitrile gloves" and subsequently "digital thermometers," and "child and adult sized 3-ply masks" and additional "nitrile gloves" to be procured by Promier. The initial transaction by Duke through Orion was for two-hundred and forty-six thousand five hundred dollars ($246,500.00) for the purchase of shoe covers and gloves.

14. There were four (4) subsequent purchases of PPE by Duke through Orion under the Duke Contract and their joint venture agreement with Promier: a May 26, 2020 PPE purchase order in the amount of eight hundred and fifty-one thousand and eight hundred and forty dollars ($851,840.00); a June 9, 2020 purchase of PPE in the amount of seventy-six thousand five hundred dollars ($76,500.00); a June 23, 2020 purchase of PPE in the amount of two million three-hundred and twenty-thousand dollars ($2,320,000.00); and, an August 25, 2020 purchase of PPE in the amount of eight million, one-hundred thousand dollars ($8,100,000.00). A spreadsheet of the transactions under the parties' Duke Contract is attached as Exhibit 4 to this Complaint.

15. In furtherance of the joint venture agreement with Promier, Orion Capital put up its own capital for the first purchase order of shoe covers and gloves for Duke University Hospital, because Promier thought this initial purchase order to be "too small." (The eventual Duke University contractual relationship, established after this first purchase, brought over eleven million dollars in gross receipts to the Promier/Orion joint venture). In fact, and in reliance upon the parties' joint venture agreement, Orion, over time, financed over $300,000, for the Duke Contract, and subsequent purchases. This investment by Hall and Orion netted Promier (and Orion) millions of dollars in profit – profit that Promier would not have obtained without the efforts of Hall and Orion Capital.

16. Orion handled the contract negotiation, the logistical delivery of the product, and the invoicing of the Duke Contract.

17. From their efforts under the Duke Contract, Orion was entitled to an equal split of the profits obtained through the joint venture between Orion and Promier on the Duke Contract, in the amount of two million, three hundred and eighty-six thousand and one hundred and seventy dollars ($2,386,170.00). Despite the significant profit from this initial venture with Duke, and in violation of the parties' agreement, Promier refused (and continues to refuse) to share with Orion in the "equal split" of the profits as promised and transacted for.

18. Subsequently, the parties continued their 50/50 joint venture agreement with the procurement of PPE product for Orion's client The Texas Department of Emergency Management (TDEM) (hereinafter referred to as the "TDEM Contract"). Under the terms of the contract that Orion secured for Promier, Promier would provide the

following PPE to TDEM: Nitrile Gloves, isolation gowns (level 1 and 2), and hand sanitizer. On May 28, 2020, Orion secured a contract for purchase nitrile gloves and isolation gowns (level 1 and 2) from Promier for TDEM in the amount of sixteen million, seven hundred and forty thousand dollars ($16,740,000.00). On June 29, 2020, a second order was submitted by TDEM for PPE in the amount of one-hundred and seventy-six thousand, eight hundred dollars ($176,800.00). Promier delivered the ordered PPE to TDEM, with Orion handling the contract negotiation, the logistical delivery of the product, and the invoicing of the TDEM Contract. (See Exhibit 5)

19. From their efforts under the TDEM Contract, Orion was entitled to an equal split of the profits obtained through the joint venture between Orion and Promier on the TDEM Contract, in the amount of three million, nine hundred and thirty-seven thousand and nine hundred and thirty-three dollars and sixty cents ($3,937,933.60). (A spreadsheet of the TDEM Contract is attached as Exhibit 6). Despite the significant profit from this joint venture with TDEM, and in violation of the parties' agreement, Promier refused (and continues to refuse) to share with Orion in the "equal split" of the profits as promised and transacted for.

20. Orion also secured a contract with the Federal Emergency Management Administration (FEMA) for the purchase of PPE goggles (hereinafter referred to as the "FEMA Contract"). On April 29, 2020, FEMA placed an order for this PPE through Orion to Promier in the amount of twenty-two thousand and six hundred and eighty dollars ($22,680.00). Promier delivered the ordered PPE to FEMA, with Orion handling the contract negotiation, the logistical delivery of the product, and the invoicing of the FEMA Contract. From their efforts under the FEMA Contract, Orion

was entitled to an equal split of the profits obtained through the joint venture between Orion and Promier on the FEMA Contract, in the amount of two thousand four hundred and thirty dollars ($2,430.00) (A spreadsheet of the FEMA Contract is attached as Exhibit 7).

21. Despite the profit from this joint venture with Orion under the FEMA Contract, and in violation of the parties' agreement, Promier refused (and continues to refuse) to share with Orion in the "equal split" of the profits as promised and transacted for.

22. Additionally, and in furtherance of the joint venture between Orion and Promier, between May 1, 2020 and May 8, 2020, Orion secured four contracts for purchase orders of 3-ply masks with Asheville Botanical in the total amount of sixty-one thousand five hundred dollars ($61,500.00).

23. Promier delivered the ordered PPE to Asheville Botanical, with Orion handling the contract negotiation, the logistical delivery of the product, and the invoicing of the Asheville Botanical Contract. From their efforts under the Asheville Botanical Contract, Orion was entitled to an equal split of the profits obtained through the joint venture between Orion and Promier on the Contract, in the amount of five thousand seven hundred dollars ($5,700.00) (A spreadsheet of the Asheville Botanical Contract is attached as Exhibit 7). Despite the profit from this joint venture with Orion under the Asheville Botanical Contract, and in violation of the parties' agreement, Promier refused (and continues to refuse) to share with Orion in the "equal split" of the profits as promised and transacted for.

24. In furtherance of the parties' joint venture, Orion secured a contract for purchase from KTROX for KN-95 masks (hereinafter referred to as the "KTROX Contract").

On May 11, 2020, KTROX purchased $675.00 worth of masks, and on May 15, 2020, KTROX purchased $3,250.00. Promier delivered the ordered PPE to KTROX, with Orion handling the contract negotiation, the logistical delivery of the product, and the invoicing of the KTROX Contract. From their efforts under the KTROX Contract, Orion was entitled to an equal split of the profits obtained through the joint venture between Orion and Promier on the Contract, in the amount of four hundred and forty-two dollars ($442.00) (A spreadsheet of the KTROX Contract is attached as Exhibit 7). Despite the profit from this joint venture with Orion under the KTROX Contract, and in violation of the parties' agreement, Promier refused (and continues to refuse) to share with Orion in the "equal split" of the profits as promised and transacted for.

25. Finally, and in furtherance and adherence to the parties' joint venture agreement, Orion secured a contract with Fanatics for the purchase of hand sanitizer (hereinafter referred to as "the Fanatics Contract"). On May 13 and 14, 2020, Fanatics ordered through Orion a total of forty-two thousand and four hundred dollars ($42,400.00) of hand sanitizer from Promier. Promier delivered the ordered PPE to Fanatics, with Orion handling the contract negotiation, the logistical delivery of the product, and the invoicing of the Fanatics Contract. From their efforts under the Fanatics Contract, Orion was entitled to an equal split of the profits obtained through the joint venture between Orion and Promier on the Contract, in the amount of fourteen thousand, eight hundred dollars ($14,800.00) (A spreadsheet of the Fanatics Contract is attached as Exhibit 7). Despite the profit from this joint venture with Orion under the Fanatics Contract, and in violation of the parties' agreement, Promier refused (and continues to

refuse) to share with Orion in the "equal split" of the profits as promised and transacted for.

### Count I
### Breach of Contract
### (The Duke Contract)

26. Orion realleges and incorporates by reference as if specifically pleaded herein the allegations set forth above.

27. Orion and Promier entered into a contract for the sale of PPE to Duke Hospital under the Duke Contract. Promier breached the terms of the parties' joint venture agreement by failing and refusing to pay Orion an amount equal to fifty percent (50%) of the gross profits earned from the five separate PPE transactions with Duke.

28. Promier has failed and refused to cure its various defaults under the terms of the parties' agreement.

29. As a direct result of Promier's multiple material breaches of the Joint Venture Agreement, Orion has incurred and will continue to incur damages in an amount not less than $2,386,170.00.

WHEREFORE, Orion Capital, LLC, respectfully requests that judgment be entered against Promier and in favor of Orion, that Orion be awarded damages in an amount not less than $2,386,170.00; that Orion be awarded pre- and post-judgment interest in such amounts as may be permitted by law; and that the Court award such other relief as may be just and appropriate.

## Count II
## Breach of Contract
## (The TDEM Contract)

30. Orion realleges and incorporates by reference as if specifically pleaded herein the allegations set forth above.

31. Orion and Promier entered into a contract for the sale of PPE to the Texas Department of Emergency Management (TDEM). Promier breached the terms of the parties' joint venture agreement by failing and refusing to pay Orion an amount equal to fifty percent (50%) of the gross profits earned from the two separate PPE transactions with TDEM.

32. Promier has failed and refused to cure its various defaults under the terms of the parties' agreement.

33. As a direct result of Promier's multiple material breaches of the Joint Venture Agreement, Orion has incurred and will continue to incur damages in an amount not less than $3,937,933.60.

WHEREFORE, Orion Capital, LLC, respectfully requests that judgment be entered against Promier and in favor of Orion, that Orion be awarded damages in an amount not less than $3,937,933.60; that Orion be awarded pre- and post-judgment interest in such amounts as may be permitted by law; and that the Court award such other relief as may be just and appropriate.

## Count III
## Breach of Contract
## (The Asheville Botanical Contract)

34. Orion realleges and incorporates by reference as if specifically pleaded herein the allegations set forth above.

35. Orion and Promier entered into a contract for the sale of PPE to Asheville Botanical. Promier breached the terms of the parties' joint venture agreement by failing and refusing to pay Orion an amount equal to fifty percent (50%) of the gross profits earned from the four separate PPE transactions with Asheville Botanical.

36. Promier has failed and refused to cure its various defaults under the terms of the parties' agreement.

37. As a direct result of Promier's multiple material breaches of the Joint Venture Agreement, Orion has incurred and will continue to incur damages in an amount not less than $5,700.00.

WHEREFORE, Orion Capital, LLC, respectfully requests that judgment be entered against Promier and in favor of Orion, that Orion be awarded damages in an amount not less than $5,700.00; that Orion be awarded pre- and post-judgment interest in such amounts as may be permitted by law; and that the Court award such other relief as may be just and appropriate.

**Count IV**
**Breach of Contract**
**(The FEMA Contract)**

38. Orion realleges and incorporates by reference as if specifically pleaded herein the allegations set forth above.

39. Orion and Promier entered into a contract for the sale of PPE to the Federal Emergency Management Administration (FEMA). Promier breached the terms of the parties' joint venture agreement by failing and refusing to pay Orion an amount equal to fifty percent (50%) of the gross profits earned from the five separate PPE transactions with FEMA.

40. Promier has failed and refused to cure its various defaults under the terms of the parties' agreement.

41. As a direct result of Promier's multiple material breaches of the Joint Venture Agreement, Orion has incurred and will continue to incur damages in an amount not less than $2,430.00.

WHEREFORE, Orion Capital, LLC, respectfully requests that judgment be entered against Promier and in favor of Orion, that Orion be awarded damages in an amount not less than $2,430.00; that Orion be awarded pre- and post-judgment interest in such amounts as may be permitted by law; and that the Court award such other relief as may be just and appropriate.

### Count V
### Breach of Contract
### (The KTROX Contract)

42. Orion realleges and incorporates by reference as if specifically pleaded herein the allegations set forth above.

43. Orion and Promier entered into a contract for the sale of PPE to KTROX. Promier breached the terms of the parties' joint venture agreement by failing and refusing to pay Orion an amount equal to fifty percent (50%) of the gross profits earned from the two separate PPE transactions with KTROX.

44. Promier has failed and refused to cure its various defaults under the terms of the parties' agreement.

45. As a direct result of Promier's multiple material breaches of the Joint Venture Agreement, Orion has incurred and will continue to incur damages in an amount not less than $442.50.

WHEREFORE, Orion Capital, LLC, respectfully requests that judgment be entered against Promier and in favor of Orion, that Orion be awarded damages in an amount not less than $442.50; that Orion be awarded pre- and post-judgment interest in such amounts as may be permitted by law; and that the Court award such other relief as may be just and appropriate.

### Count VI
### Breach of Contract
### (The Fanatics Contract)

46. Orion realleges and incorporates by reference as if specifically pleaded herein the allegations set forth above.

47. Orion and Promier entered into a contract for the sale of PPE to Fanatics. Promier breached the terms of the parties' joint venture agreement by failing and refusing to pay Orion an amount equal to fifty percent (50%) of the gross profits earned from the five separate PPE transactions with Fanatics.

48. Promier has failed and refused to cure its various defaults under the terms of the parties' agreement.

49. As a direct result of Promier's multiple material breaches of the Joint Venture Agreement, Orion has incurred and will continue to incur damages in an amount not less than $14,800.00.

WHEREFORE, Orion Capital, LLC, respectfully requests that judgment be entered against Promier and in favor of Orion, that Orion be awarded damages in an amount not less than $14,800.00; that Orion be awarded pre- and post-judgment interest in such amounts as may be permitted by law; and that the Court award such other relief as may be just and appropriate.

### Count VII
### Quantum Meruit
### (In the Alternative to Counts I, II, III, IV, V and VI)

50. Orion realleges and incorporates by reference as if specifically pleaded herein the allegations set forth above.

51. In the event it is determined that the parties did not have a meeting of the minds on the essential terms of the contract, then there is no enforceable express contract between the parties.

52. Nevertheless, Promier sought out the efforts and abilities of Orion in the PPE marketplace for the sale and purchase of PPE from Promier to Orion's contacts and clients utilizing Orion's best efforts and knowledge in the marketplace.

53. Orion conveyed a benefit on Premier by acquiring buyers for PPE product sold by Promier.

54. Promier was aware that Orion was acting on its behalf to secure purchasers for PPE through Promier.

55. Promier knowingly accepted the benefit of Orion's efforts in securing purchasers of PPE products that Promier was selling, and specifically Promier accepted Orion's clients in selling PPE to those individual Orion clients.

56. Promier represented that it would compensate Orion for the services conveyed to Promier.

57. It would be inequitable to allow Promier to retain the benefit of the financial windfall bestowed upon them by and through Orion's efforts without compensating Orion for the reasonable value of the services provided to Promier.

58. The reasonable value of the services provided to Promier by Orion, is at least $6,347,476.00.

WHEREFORE, Orion Capital, LLC, respectfully requests that judgment be entered in favor of Orion against Promier, that Orion be awarded damages on its claim of quantum meruit, in an amount not less than $6,347,476.00; that Orion be awarded pre- and post-judgment interest in such amounts as may be permitted by law; and, that the Court award such other relief as may be just and appropriate.

### Count VIII
### Unjust Enrichment
### (In the Alternative to Counts I, II, III, IV, V, VI, and VII)

59. Orion realleges and incorporates by reference as if specifically pleaded herein the allegations set forth above.

60. In the event it is determined that the parties did not have a meeting of the minds on the essential terms of the contract, then there is no enforceable express contract between the parties.

61. Nevertheless, Promier sought out the efforts and abilities of Orion in the PPE marketplace for the sale and purchase of PPE from Promier to Orion's contacts and clients utilizing Orion's best efforts and knowledge in the marketplace.

62. Promier has unjustly refused to pay for the benefits it has received from Orion.

63. Orion has been damaged by Promier's unjust refusal to pay the value of the benefit received and retained by Promier.

64. It would be unjust to allow Promier to retain the aforesaid benefits of the sales of its PPE products by Orion to Orion's clients without compensating Orion for its efforts to the financial benefit of Promier.

65. The reasonable value of the benefits received and retained by Promier are at least $6,347,476.00.

WHEREFORE, Orion Capital LLC, respectfully requests that judgment be entered against Promier and in favor of Orion, that Orion be awarded damages on its claim of unjust enrichment, in an amount not less than $6,347,476.00; that Orion be awarded pre- and post-judgment interest in such amounts as may be permitted by law; and, that the Court award such other relief as may be just and appropriate.

A JURY TRIAL IS REQUESTED.

Respectfully Submitted,
Orion Capital, LLC
By Counsel

By _____
Of Counsel

William M. Stanley, Esq. (VSB # 37209)
Autumn D. Johnson, Esq. (VSB # 95833)
The Stanley Law Group
13508 Booker T. Washington Hwy.
Moneta, Va. 24121
p. 540-721-6028
f. 540-721-6405
bstanley@vastanleylawgroup.com

